UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMARLE HILL,
    *Plaintiff*,

v.

ALICIA *et al.*,
    *Defendants*.

No. 3:20-cv-00426 (JAM)

**ORDER GRANTING MOTION TO AMEND COMPLAINT
AND INITIAL REVIEW ORDER OF AMENDED COMPLAINT**

Plaintiff Jamarle Hill is a pre-trial detainee in the custody of the Connecticut Department of Correction. He has filed two civil rights complaints under 42 U.S.C. § 1983 against two separate groups of officers for two separate sets of acts but done so under a single docket number, framing the second complaint as an amendment to the first. Ordinarily, the second complaint would be docketed as a different case. But because the first complaint fails to state a complaint on which relief might be granted, in the interests of judicial economy I will grant Hill's motion to amend his complaint, conduct an initial review of the amended complaint, and direct the service of the complaint as to certain of its claims.

**BACKGROUND**

According to the DOC, Jamarle Hill is a pretrial detainee who has been in DOC custody since 2017, awaiting trial for various drug and firearm offenses; he is presently incarcerated in Northern Correctional Institution ("Northern CI").[1] Hill has sued multiple DOC officers in a different lawsuit presently pending before me, *Hill v. Tyburski*, No. 3:19-cv-01674-JAM (D.

---

[1] *See* State of Connecticut Department of Corrections, *Inmate Information*, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=406918 [https://perma.cc/3ZY3-27HV] (accessed Apr. 17, 2020); State of Connecticut Judicial Branch, *Criminal/Motor Vehicle Pending Case Detail*, https://www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=1820f90b-3291-43d2-998a-7a66f569cf16 [https://perma.cc/K3H7-TPV5] (last accessed Apr. 17, 2020) (listing pending charges for Case No. #U04W-MV17-0445374-S).

Conn.). In the course of that proceeding, Hill filed multiple supplemental pleadings, some of which expanded on his original allegations (primarily sounding in defamation and sexual assault) and others of which appeared to seek to sue a wholly separate cohort of officers for a separate set of offenses. I accordingly entered an order, *Hill v. Tyburski*, No. 3:19-cv-01674-JAM, Doc. #30, splitting off these separate pleadings into a new case number, and then conducted an initial review of the first-filed complaint in that matter, *see Hill v. Tyburski*, No. 3:19-cv-01674-JAM (D. Conn.), Doc. #31. This order addresses the supplemental pleadings originally filed in *Tyburski*, now filed under the present docket number.

There are three relevant pleadings on the present docket. The first, Doc. #1, purports to state a claim for excessive force and deliberate indifference to objectively serious medical needs against a set of officers at Northern CI connected to Hill's back condition. The second, Doc. #10, expands upon the first pleading, adding some allegations and seeking to add some defendants and possibly remove others. The third, Doc. #13, pleads a separate set of claims against a wholly different group of defendants. I will briefly set forth each set of claims below, taking the allegations pled in the complaint as true solely for purposes of this ruling.

### *The first complaint (Docs. #1 and #10)*

Hill suffered a back injury on October 18, 2019, after he was transported in a van with no seatbelt and when a garage door came down on the van. Doc. #1 at 6. These injuries were exacerbated after an accident in his cell on November 6, 2019. Doc. #1 at 5. Although Hill received medical treatment from the prison after his first injury, Doc. #1 at 6, he was forced to wait after his second injury in the medical ward for eight days, all without "food trays and beverages," lying on the floor, wrapped in a blanket, and soaked in his own urine, before he was ultimately treated, *see* Doc. #1 at 5-6, Doc. #10 at 1. He was not permitted to see an outside

doctor. Doc. #1 at 6. Hill's back pain also made it impossible for him to make it to a court date on November 15, 2019. *Ibid*. On that date, he was "ma[ced] with pepper spray" by unspecified persons "because [he] was having a problem moving [his] back," and after this incident he received a Class A ticket "for getting ma[ced]." *Ibid*. Hill seeks $80,000 in punitive damages for this violation of his rights. Doc. #1 at 7.

Although Hill names as defendants (in their personal capacity only) in this first complaint Lieutenants Melendez and Sharp, and Correctional Officers Hernandez, Feone, and Alicia, all of whom work at the Northern CI, the complaint nowhere explains how any of these defendants caused any of the above injuries. *See* Doc. #1. Hill's supplement to that complaint, Doc. #10, styled as a "Motion for Pleading," still seeks to sue Lieutenant Melendez (spelled "Melendiaz"), Captain Sharp, and Correctional Officer Alicia (from the complaint). It adds as defendants, without explanation, Corrections Officers Johnson, Sandone, and Reyes. It omits defendants Hernandez or Feone, but does not indicate whether Hill intended to dismiss these defendants. And it does not explain how any of the officers it does name contributed to Hill's injuries.

### *The amended complaint (Doc. #13)*

Hill's proposed amended complaint, Doc. #13, describes a separate incident that took place on March 9, 2020, and names as defendants Correctional Officers Rosseni, Sandone, Pergy, and Williams, as well as Captains Chevalier and Jones. While Hill was in an office awaiting a call from an attorney, he "got into a heated confrontation" with Rosseni. *See* Doc. #13 at 5. Rosseni and Hill started "shoving each other" after which Sandone punched Hill then wrestled him to the floor and handcuffed him. *Ibid*. Chevalier, Jones, Pergy and Williams, as well as non-defendants Correction Officers Harris, Hunter, and John Doe, began to pepper spray Hill while punching and kicking him in the head as he lay face down on the floor in the corner of

the room. *Ibid.* While this happened, Rosseni started to scream to the other officers that "this is the guy who molested his child [and initiated a] rape case on officers in Hartford County," *ibid.*, presumably referring to the events described in *Tyburski*, *see Hill v. Tyburski*, No. 3:19-cv-01674-JAM (D. Conn.), Doc. #31. Rosseni then attempted to sexually assault Hill himself, but was restrained by his fellow officers. Doc. #13 at 5-6. As a result of this altercation, Hill suffered a black eye, swollen face and right wrist, and bruised ribs. He was given painkillers but otherwise no other medical care. *Id.* at 6. No action was taken against the officers who assaulted him. *Ibid*. Hill seeks $2 million in compensatory damages.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

### *Which complaint to review?*

Before turning to the merits of Hill's filings, it is important for me to clarify a point of procedure. Hill has now attempted to file, between this lawsuit and *Hill v. Tyburski*, No. 19-cv-1674-JAM (D. Conn.), six separate complaint or supplemental pleadings—all of them, but for my intervention in the other case, under the same docket number. Most of these complaints are styled a "motion for pleadings" or simply an "amended complaint." Ordinarily, when a party files a new pleading, they specify what it is about the old pleading that they want to change (or,

if they want to throw out the old pleading entirely, they specify that instead). Indeed, when a party is represented by a lawyer, the Local Rules of this Court demand that the party include a fresh, restated version of the complaint to make it clear just what will constitute the "operative" complaint going forward. *See* D. Conn. Loc. R. Civ. P. 7(f).

Hill has done none of these things, which makes it very difficult to work out just who he is suing for what. A further complication is that Hill is only permitted to sue multiple defendants for multiple acts violating his rights when the acts "arise out of the same transaction or occurrence." Fed. R. Civ. P. 20; *see generally Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 263-66 (D. Conn. 2012). The Court approaches the determination of "[w]hat [might] constitute the same transaction or occurrence . . . on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted). Here, it is clear to me that the acts involving the deprivation of medical care for Hill's back condition involve a separate "transaction or occurrence" to the savage beating of Hill by various corrections officers six months later. *See Germano v. Cook*, 2020 WL 264763, at *12–13 (D. Conn. 2020).

Going forward, Hill must make absolutely clear whether his new filings seek to *amend* the complaint (*i.e.*, to add on to, subtract from, or otherwise modify prior allegations) in a given case or *replace* it altogether. If Hill wants to amend a complaint, he must make clear just what is being added, subtracted from, or modified from his prior complaint. And if Hill believes some new development has occurred that forms a separate violation of his rights, he must file it as a new lawsuit (and make it clear on his filing he is doing so). It is appropriate for me to caution Hill that he must exhaust internal remedies within the Connecticut correctional system ***before*** filing each lawsuit for ***each*** separate violation complained of, *see Miller v. Mann*, 2019 WL

5

1118093, at *4 (D. Conn. 2019), and that if he files too many lawsuits that are dismissed as frivolous, malicious, or without a basis for stating a claim, he may be barred from filing future lawsuits *in forma pauperis*, *see Williams v. City of Hartford*, 2020 WL 127705, *reconsideration denied*, 2020 WL 564004 (D. Conn. 2020).

That still leaves the question of what to do with the filings under this docket number. I conclude that, in the interests of judicial economy and fairness to Hill, I will treat his latest complaint, Doc. #13, as a motion to amend his existing complaint in this matter, Doc. #1. I do so because that appears to be the fairest interpretation of the filings Hill has made in this case, and because I would dismiss the initial complaint in any event for failure of Hill to allege facts to show how any particular defendants were involved with or caused the alleged injury to him. I will grant Hill's motion to amend, direct the Clerk to dismiss the defendants presently named in this suit, and will below conduct an initial review of this amended complaint.

Because I have granted Hill's motion to amend, Hill's old complaints for deprivation of medical care and assault occurring on or around November 2019 are no longer part of this case. If Hill would like to pursue his claims for deliberate indifference to medical needs or the November 2019 assault (Docs. #1 and #10 of this lawsuit, which are now superseded by his new complaint), he should file a new lawsuit with a new complaint that states with specificity exactly which defendants were involved in his alleged constitutional deprivation and how they were so involved. It is very important that the fact section of Hill's complaint name the specific officers he believes assaulted him, or deprived him of medical care; it is not enough to simply list officers at the front of the complaint and not connect them to the allegations at the end. *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).

*Review of the new complaint*

Hill's complaint asserts that defendants used excessive force on him when they collectively and savagely beat him, apparently motivated by unsubstantiated allegations of pedophilia for which Hill has not been charged, let alone convicted. *See* Doc. #13 at 6. Because Hill was a pretrial detainee in state custody during the events he describes, his claim alleging a constitutional use of excessive force is subject to review under the Fourteenth Amendment's due process clause, rather than separately under the Eighth Amendment. The Fourteenth Amendment's due process clause "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). A plaintiff may prevail by showing that actions taken against him "are not rationally related to a legitimate nonpunitive governmental purpose," or "appear excessive in relation to that purpose." *Ibid*.

Taken as true, Hill's allegations support his excessive force claim against defendants. Defendants' allegedly repeated malicious acts, including kicking and pepper spraying Hill while he was lying prone on the floor, served no legitimate purpose. Although there may have been cause to subdue Hill after his initial shoving altercation with Rosseni, the remaining allegations of repeated punching and kicking, culminating in an attempted sexual assault, make it plausible that defendants' actions were "excessive in relation to that purpose." *Ibid*. And Hill has alleged facts connecting each named defendant to the use of excessive force. *See* Doc. #13 at 5-6. Hill's excessive force claim may therefore proceed against Correctional Officers Rosseni, Sandone, Pergy, and Williams, as well as Captains Chevalier and Jones.[2]

---

[2] Hill mentions in passing that him and his children are "constantly getting harass[ed] over" the apparently persistent allegations that Hill is a child molester. As I explained in my opinion in Hill's other lawsuit, Hill cannot maintain a "stigma plus" lawsuit without explaining how specific named defendants caused a "change of status or burden" owing to the circulation of these defamatory rumors. *See Hill v. Tyburski*, No. 3:19-cv-01674-JAM (D. Conn.), Doc. #31. He does not do so here, and to the extent that the burden alleged is the March 9 beating, a "stigma plus" claim would be duplicative of his excessive force claim. Accordingly, I will dismiss any "stigma plus" claim in this suit.

# CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

1. Hill's motion to amend his complaint, Doc. #13, is GRANTED. The Clerk of Court shall docket the filing at Doc. #13 as the operative complaint in this matter.

2. Hill's Fourth and Fourteenth Amendment claims for excessive force, arising from the altercation of March 9, 2020, may proceed against defendants Correctional Officers Rosseni, Sandone, Pergy, and Williams, as well as Captains Chevalier and Jones.

3. All other claims and defendants to this action, including those named in the complaint that has been superseded by the current operative complaint, are DISMISSED.

4. The Clerk shall verify the current work addresses for the above-named defendants with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to those defendants at the confirmed addresses **within twenty-one (21) days of this Order**, and report to the Court on the status of the waiver requests by not later than **the thirty-fifth (35) day after mailing**. If any defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

5. All defendants shall file their response to the complaint, either an answer or motion to dismiss, **within sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.

6. The Clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

7. The discovery deadline is extended to **six months (180 days) from the date of this Order**. The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures" which the Clerk must send to plaintiff with a copy of this order. The order also can be found at http://ctd.uscourts.gov/district-connecticut-public-standing-orders. Note that discovery requests should not be filed with the Court. In the event of a dispute over discovery, the parties should make a good faith effort to resolve the dispute amongst themselves; then, the parties should file the appropriate motion to compel on the docket.

8. The deadline for summary judgment motions is extended to **seven months (210 days) from the date of this Order**.

9. Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion (i.e. a motion to dismiss or a motion for summary judgment) **within twenty-one (21) days of the date the motion was filed**. If no response is filed, or the response is not timely, the Court may grant the dispositive motion without further proceedings.

10. If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he **MUST** notify the court. Failure to do so may result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he must indicate all of the case numbers in the notification of change of address. Plaintiff must also notify defendants or defense counsel of his new address.

11. Plaintiff shall utilize the Prisoner E-Filing Program when filing documents with the Court. Plaintiff is advised that the Program may be used only to file documents with the Court. As discovery requests are not filed with the Court, the parties must serve discovery requests on each other by regular mail.

It is so ordered.

Dated at New Haven this 19th day of April 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge